Filed 12/23/15  P. v. Cervantes CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077167 |
| v. | (Super. Ct. No. 62128695) |
| SALVADOR VERA CERVANTES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Salvador Vera Cervantes asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we discovered the trial court's sentencing order is not consistent with defendant's negotiated plea agreement, namely the remaining charges were not dismissed.  Accordingly, we remand the matter to the trial court to dismiss the remaining charges.  In all other respects, the judgment is affirmed.

BACKGROUND

On March 4, 2014, defendant entered the home of Marvin and Marie K., while they were in the home, with the intent to steal from them and, in fact, stole from them.

The People charged defendant with burglary of an inhabited dwelling, grand theft of a firearm, unlawful taking of a vehicle, and being a felon in possession of a firearm. The People also alleged defendant was previously convicted of two strike offenses. Defendant pleaded no contest to the burglary charge and admitted he was previously convicted of two strike offenses for attempted voluntary manslaughter. In exchange for his plea, the People agreed they would move to dismiss the remaining charges with a *Harvey*[1] waiver at the time of sentencing.

Following entry of his plea, defendant invited the trial court to dismiss one of his prior strike convictions pursuant to *People v. Romero* (2002) 99 Cal.App.4th 1418, and Penal Code section 1385, subdivision (a). The trial court declined to dismiss the prior strike conviction. After this ruling, defendant informed the court he wanted to withdraw his plea based on ineffective assistance of counsel. The court held a hearing on defendant's request to relieve his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The trial court denied defendant's request.

On August 18, 2014, the trial court sentenced defendant to serve a term of 25 years to life in state prison based on his plea to the burglary charge and two prior strikes. The court also ordered defendant to pay various fines and fees and awarded him a total of 193 days of custody credits.

Defendant appeals with a certificate of probable cause.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISCUSSION

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. Before the 30 days elapsed, defendant asked this court to relieve his appointed counsel for ineffective assistance. We denied his request.

Having undertaken an examination of the entire record, we discovered the People did not move to dismiss the remaining charges at the sentencing hearing as agreed in the negotiated plea agreement. As a result, the trial court did not dismiss the firearms and vehicle theft charges at the sentencing hearing. Based on the terms of the negotiated plea agreement, we remand the matter to the trial court to dismiss the remaining charges.

## DISPOSITION

The matter is remanded to the trial court to dismiss the grand theft of a firearm, unlawful taking of a vehicle, and being a felon in possession of a firearm charges, in accordance with the negotiated plea agreement. In all other respects, the judgment is affirmed.

/s/
HOCH, J.

We concur:


/s/
BLEASE, Acting P. J.


/s/
BUTZ, J.